UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH WILLIAM SULLIVAN, | Case No. 3:21-cv-00196-HDM-WGC |
| Petitioner, | **ORDER** |
| v. | |
| PERRY RUSSELL, et al., | |
| Respondents. | |

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner Keith Sullivan has paid the filing fee. ECF No. 5. The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will serve the petition upon respondents for a response.

Sullivan also has filed a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are

not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954.

Sullivan's sole claim for relief is that his conviction for burglary—entering a vehicle with intent to commit possession of a stolen vehicle—is unconstitutional because he already had possession of that stolen vehicle before he entered it. Sullivan attached a copy of the Nevada Supreme Court's decision on direct appeal. ECF No. 1-1 at 10-12. The claim that Sullivan presents in this petition is similar enough to the claim that the Nevada Supreme Court evaluated that the court can evaluate the Nevada Supreme Court's decision without further assistance from counsel.[1] See 28 U.S.C. § 2254(d)(1). The court thus denies the motion for appointment of counsel.

IT THEREFORE IS ORDERED that the clerk file the petition for a writ of habeas corpus, currently in the docket at ECF No. 1-1.

IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing to the office of the Attorney General only.

IT FURTHER IS ORDERED that respondents must file a response to the petition, including potentially by motion to dismiss, within 60 days of entry of this order and that petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the petition must be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted

---

[1] Notably, the Nevada Supreme Court's decision does not mention any principle of federal law. If Sullivan did not present his claim on direct appeal as an issue of federal law, then he might not have exhausted his state-court remedies. See 28 U.S.C. § 2254(b).

from such motion to dismiss will be subject to potential waiver.  Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in <u>Cassett v. Stewart</u>, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, may be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

       IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

       IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

       IT FURTHER IS ORDERED that the motion for appointment of counsel (ECF No. 4) is **DENIED**.

       DATED: June 4, 2021

_____
HOWARD D. MCKIBBEN
United States District Judge