UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH WILLIAM SULLIVAN,<br><br>  Petitioner,<br><br>  v.<br><br>PERRY RUSSELL, et al.,<br><br>  Respondents. | Case No. 3:21-cv-00196-HDM-CSD<br><br>**ORDER** |

**I.  Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254.  Currently before the court is respondents' motion to dismiss.  ECF No. 11.  The court finds that petitioner Keith Sullivan has not fairly presented his sole ground for relief to the state courts, and the court grants the motion.

Also before the court is Sullivan's motion for appointment of counsel.  ECF No. 15.  The court finds that appointment of counsel is not warranted, and the court denies the motion.

**II.  Background**

On December 29, 2017, Sullivan stole a Ford F-150 pickup truck from the lot of a GMC dealership in Reno, Nevada.  On January 3, 2018, Reno police officers observed Sullivan driving in the stolen F-150.  They arrested Sullivan later that day.

A jury found Sullivan guilty of (1) grand larceny of an automobile, for stealing the F-150 on December 29, 2017; (2) burglary, for entering the F-150 on January 3, 2018 with intent to

1

commit possession of a stolen vehicle; and (3) possession of a stolen vehicle on January 3, 2018, namely, the F-150. Ex. 64 (ECF No. 13-21). The jury could not reach a verdict on a charge of an attempt to evade, elude, or fail to stop on the signal of a peace officer. Id.

A separate charge of grand larceny was severed from the jury trial. Stone pleaded guilty to that charge. Ex. 109 (ECF No. 14-22).

Under Nevada law, the person who commits larceny for stealing a piece of property cannot also be convicted of possession of the same piece of stolen property. Lane v. State, 956 P.2d 88, 91 (Nev. 1998). Such was the case with Sullivan. At sentencing the state district court dismissed the charge of possession of a stolen vehicle. Ex. 102 at 17 (ECF No. 14-15 at 18).

Sullivan appealed, and the Nevada Supreme Court affirmed. Ex. 122 (ECF No. 14-35).

On February 9, 2021, Sullivan filed a post-conviction habeas corpus petition in the state district court. Ex. 124 (ECF No. 14-37). Sullivan moved to dismiss that petition voluntarily and without prejudice. Ex. 128 (ECF No. 14-41). The state district court granted the motion on April 5, 2021. Ex. 131 (ECF No. 14-44).

Sullivan then commenced this action. The court served the petition upon respondents, and the motion to dismiss followed.

### III.  Legal Standard

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case

law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

IV.     **Discussion**

    A.     **The petition is unexhausted**

Sullivan raises one ground for relief in his petition. He argues that he could not be convicted of burglary for entering the F-150 on January 3, 2018, with intent to possess a stolen vehicle, because he had stolen it on December 29, 2017. He further argues that he had possession of the key on January 3, and thus he had constructive possession of the truck before he ever entered it. Sullivan claims that his conviction for burglary thus violates the Eighth and Fourteenth Amendments. ECF No. 7 at 3-5.

Sullivan raised a similar issue on direct appeal. He argued then, as he does now, that he could not be convicted of burglary because he could not have had an intent to possess stolen property that he already possessed. He also argued that because it was legally impossible for him to be convicted of possession of stolen property, he could not be convicted of burglary for having the intent to commit a crime to which he could not be convicted. Ex. 117 at 15-20 (ECF No. 14-30 at 20-25.

Respondents argue, and the court agrees, that Sullivan has not exhausted his state-court remedies for his sole ground for relief. Although the claims in the petition and in the opening brief on direct appeal are similar, they have different legal theories. In the current federal habeas corpus petition, Sullivan claims that the conviction for burglary violates the Eighth and Fourteenth Amendments. On direct appeal, Sullivan claimed that the conviction for burglary violated state law. Sullivan did not present a federal-law theory to the Nevada Supreme Court. That difference makes the federal-law claim unexhausted.

Sullivan argues that his appellate attorney made two errors. ECF No. 16 at 2. First, Sullivan states that he asked his appellate attorney what court to proceed to, and his attorney told

3

1   him to go to federal court.  Second, Sullivan argues that his appellate attorney failed to raise the
2   issue on direct appeal as a matter of federal law.  In effect, Sullivan is arguing that his appellate
3   counsel provided ineffective assistance.  Although ineffective assistance of appellate counsel may
4   not excuse a failure to exhaust a claim, it might excuse a procedural default resulting from
5   Sullivan being barred from presenting his claim in state court.  However, ineffective assistance of
6   appellate counsel itself is a constitutional claim that must be exhausted, and that must not be
7   procedurally defaulted.  Edwards v. Carpenter, 529 U.S. 446, 453 (2000).  Sullivan thus needs to
8   present his ineffective assistance claim to the state courts, too.

9   Sullivan asks the court to stay this action while he exhausts his claims in the state courts.
10   ECF No. 16 at 2-3.  Sullivan must show that he has "good cause for his failure to exhaust, his
11   unexhausted claims are potentially meritorious, and there is no indication that the petitioner
12   engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).
13   Sullivan has made only vague statements that relate to the requirements of Rhines.  If Sullivan
14   does wish the court to stay the action, then he will need to file a motion for a stay in which he
15   makes the required showings.

16   **B.    The court denies the motion for appointment of counsel**

17   Sullivan has filed a motion for appointment of counsel.  ECF No. 15.  Whenever the court
18   determines that the interests of justice so require, counsel may be appointed to any financially
19   eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district
20   court must evaluate the likelihood of success on the merits as well as the ability of the petitioner
21   to articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt
22   v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

23   At the moment, Sullivan has no likelihood of success on the merits because his ground for
24   relief is unexhausted.  Sullivan must resolve that failure to exhaust first.  The court denies the
25   motion for appointment of counsel.

26   **V.    Conclusion**

27   IT THEREFORE IS ORDERED that respondents motion to dismiss (ECF No. 11) is
28   **GRANTED** because petitioner has failed to exhaust his state-court remedies.

IT FURTHER IS ORDERED that petitioner will have 30 days from the date of entry of this order to move to stay this action while he returns to state court to exhaust his state remedies. Failure to comply will result in the dismissal of this action.

IT FURTHER IS ORDERED that the motion for appointment of counsel (ECF No. 15) is **DENIED**.

DATED: April 11, 2022

_____
HOWARD D. MCKIBBEN
United States District Judge