**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEITH WILLIAM SULLIVAN, | Case No. 3:21-cv-00196-HDM-CSD |
| Petitioner, | **ORDER** |
| v. | |
| PERRY RUSSELL, et al., | |
| Respondents. | |

This *pro se* habeas corpus action under 28 U.S.C. § 2254 comes before the court on Petitioner Keith William Sullivan's motion for a stay and abeyance. (ECF No. 24.) Respondents did not respond to this motion and the deadline to do so has expired.

Sullivan challenges his 2019 state-court convictions for grand larceny of an automobile and burglary. (ECF No. 14-16.) On April 11, 2022, this Court granted respondents' motion to dismiss, finding that Sullivan had not fairly presented his sole ground for relief to the state courts. (ECF No. 21.) Sullivan previously asked this Court to stay this action while he exhausts his claims in the state courts. (*See id.* at 4.) Because Sullivan made only vague statements that relate to the requirements of *Rhines v. Weber*, this Court directed Sullivan to file a motion for stay in which he makes the required showings. (*Id.*) Sullivan has timely complied. (ECF No. 24.)

In *Rhines*, the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. 544 U.S. 269 (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay

when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277. The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005). This court has declined to prescribe the strictest possible standard for issuance of a stay. "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). Thus, for example, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005)). Ineffective assistance of postconviction counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014).

Petitioner argues that good cause exists to grant a stay and abeyance. (ECF No. 24.) As noted in this Court's order granting the motion to dismiss, before commencing this instant action, Sullivan filed a post-conviction habeas corpus petition in the state district court on February 9, 2021. (ECF No. 14-37.) However, Sullivan moved to dismiss that petition voluntarily and without prejudice. (ECF No. 14-41.) Sullivan explains that he made that decision "because [he] had been [wrongly] directed by appellate counsel J. Petty, Esq. to proceed from direct appeal to [federal]

court." (ECF No. 24 at 1–2.) Sullivan also explains that he has filed a new post-conviction habeas corpus petition in the state district court containing the grounds before this Court "as well as others that have not been presented yet." (ECF No. 24 at 1.)

The Court finds that Sullivan has established good cause for his failure to exhaust in state court. The Court further finds that the unexhausted grounds are not "plainly meritless," and that Sullivan has not engaged in intentionally dilatory litigation tactics. Accordingly, the Court will grant Sullivan's unopposed motion for a stay and abeyance.

It is therefore ordered that the motion for stay and abeyance (ECF No. 24) is GRANTED.

It is further ordered that this action is STAYED pending exhaustion of the unexhausted claim in the petition.

It is further ordered that the grant of a stay is conditioned upon Sullivan litigating his state postconviction petition or other appropriate proceeding in state court and returning to federal court to file a motion to reopen within forty-five (45) days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings.

It is further ordered that the clerk shall ADMINISTRATIVELY CLOSE this action, until such time as the court grants a motion to reopen the matter.

Dated: May 16, 2022

HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE